IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-294 |
| | § | |
| THOMAS CANTU, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR EXTENSION OF TIME
AND ORDER GRANTING MOTION TO WITHDRAW**

Defendant Thomas Cantu ("Cantu") was sentenced on May 4, 2007. (D.E. 45.) Judgment was entered against him on May 15, 2007. (D.E. 46.) Cantu did not timely appeal. On March 17, 2008, the Clerk received a document from Cantu titled as a "Notice of Appeal On Out of Time Filing Under Rule 4(b)(4)." (D.E. 48.) The Court believes the reference to Rule 4(b)(4) is to Fed. R. App. P. 4(b)(4), and construes Cantu's notice of appeal as also seeking an extension of time to appeal.

In the same document, Cantu asserts that he wants to appeal because he believes that his conviction was illegal. He claims that his attorney failed to raise a challenge to his "mental state" as he requested,[1] and that his counsel failed to file a direct appeal from his conviction and judgment. (D.E. 48 at 1.) He attaches to his motion a January 2008 letter he sent to his appointed counsel in the underlying proceedings, Douglas Tinker, in which Cantu inquires about the status of his appeal. He also attaches Tinker's response, which indicates that no appeal was ever filed. Tinker's response

---

[1] The Court notes, however, that the docket sheet contains a motion for psychiatric exam filed by Cantu's counsel after his rearraignment and before sentencing, and that the Court ordered a psychiatric evaluation of Cantu. A report containing the results of that evaluation was provided to the Court before sentencing. (See D.E. 35-43.)

also erroneously suggests that Cantu waived his right to appeal pursuant to his plea agreement. In fact, the docket reflects that Cantu had no written plea agreement, and thus that he did not waive his right to appeal. (Compare D.E. 48 at 3 (Tinker letter to Cantu, dated January 22, 2008) with D.E. 14 (minutes from rearraignment).)

Subsequent to the filing of Cantu's *pro se* Notice of Appeal, Tinker filed a motion seeking to withdraw as Cantu's counsel. (D.E. 50.) These motions are addressed herein.

**I.      Motion for Extension of Time to Appeal**

Cantu was required to file his appeal not later than ten days after judgment was entered, or not later than May 29, 2007. See Fed. R. App. P. 4(b)(1) (setting 10-day period for filing notice of appeal in a criminal case); Fed. R. App. P. 26 (weekends and holidays are excluded when calculating a ten-day period). Although he acknowledges that his notice of appeal is untimely, Cantu appears to be seeking leave to proceed nonetheless pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure. This provision allows the Court to grant an extension upon a finding of excusable neglect or good cause, but only if the motion for extension is filed within 30 days of the original appellate deadline. See Fed. R. App. P. 4(b)(4). In this case, Cantu has filed his "Notice of Appeal" more than nine months after his time for appealing expired. Thus, even if Cantu's "Notice of Appeal" were construed as seeking an extension of time to appeal, the Court could not extend Cantu's deadline for appealing at this time.

Accordingly, to the extent Cantu seeks an extension of time to appeal, it is DENIED.

**II.     Procedure for Filing § 2255 Motion**

Cantu's claims regarding his counsel being ineffective, on the other hand, are the types of claims that are typically asserted in a motion pursuant to 28 U.S.C. § 2255. Cantu's motion does not reference 28 U.S.C. § 2255. Because he has not clearly evidenced an intent to file a § 2255

motion, and in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Cantu's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Cantu for filing such a motion.

Moreover, pursuant to the directives of Castro, Cantu is advised that if he files a § 2255 motion asserting claims of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).[2] That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Cantu will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

---

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Cantu wishes the Court to consider should be asserted in any § 2255 motion he files.

Cantu is further advised that usually a § 2255 motion must be filed within a year after a defendant's conviction becomes final. In this case, Cantu's conviction became final on May 29, 2007, when he failed to timely appeal. Accordingly, if he wishes to file a § 2255 motion, he should do so not later than May 29, 2008.

To the extent he seeks any substantive relief through his current motion (D.E. 48), it is DENIED WITHOUT PREJUDICE to Cantu's ability to file a proper § 2255 motion.

### III.   MOTION FOR COUNSEL TO WITHDRAW

As noted, Cantu's counsel in the underlying proceedings, Douglas Tinker, has also filed a motion seeking to withdraw from representation of Cantu. (D.E. 50.) Tinker notes that Cantu complains about his representation, and further states that he and Cantu have a "conflict" that cannot be overcome. (D.E. 50 at 1.)

The motion is GRANTED and Mr. Tinker is no longer counsel of record for Cantu. Again, the Court believes it likely that Cantu's appeal will be dismissed by the Fifth Circuit for lack of jurisdiction, because it is not timely. See infra at Section I. Nonetheless, the Court advises Cantu that if he wishes to have the Court appoint him counsel to represent him on appeal, he must file a motion requesting new appellate counsel with the Court.

For the foregoing reasons, Cantu's motion for Tinker to withdraw as counsel (D.E. 50) is GRANTED.

## **CONCLUSION**

For the foregoing reasons, Cantu's motion, to the extent it can be construed as a motion for extension of time to appeal (D.E. 48), is DENIED. Additionally, to the extent he is requesting substantive relief on his claims, his motion is DENIED WITHOUT PREJUDICE to his ability to file a proper § 2255 motion. To that end, the Clerk is directed to provide a copy of a blank § 2255 forms to Cantu and Cantu is advised to review carefully the Court's warnings set forth in Section II of this Order. Finally, the motion of Douglas Tinker to withdraw as counsel (D.E. 50) is GRANTED. If Cantu wants an attorney appointed to represent him on appeal, Cantu should file a motion with the Court requesting new appellate counsel.

It is so ORDERED this 26th day of March, 2008.

_____
Janis Graham Jack
United States District Judge